**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THOMAS PATRICK GLENN, IV,<br><br>Plaintiff,<br><br>vs.<br><br>SAN DIEGO DISTRICT ATTORNEY OFFICE; DEPUTY DISTRICT ATTORNEY, Central Court; D.D.A., El Cajon,<br><br>Defendants. | Case No.: 3:25-cv-2489-CAB-MSB<br><br>**ORDER:**<br>**(1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS [Doc. No. 2]; AND**<br><br>**(2) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEES REQUIRED BY 28 U.S.C. § 1914(a)** |

Thomas Patrick Glenn, IV ("Plaintiff" or "Glenn"), proceeding *pro se*, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983, along with a Motion to Proceed *In Forma Pauperis* ("IFP"). [Doc. Nos. 1 & 2]. In his Complaint, Glenn alleges his constitutional rights were violated by Defendants' "misconduct" while prosecuting his criminal case. [Doc. No. 1 at 3–9.] Although at the time he initiated this action, Glenn was in custody at the Vista Detention Facility [*See* Doc. No. 1 at 1], Glenn subsequently filed notices of change of address indicating that he has since been released from custody. [*See* Doc. Nos. 3 & 4.] For the reasons discussed below, the Court **DENIES** Plaintiff's

1

IFP Motion and **DISMISSES** the action without prejudice.

I.      DISCUSSION

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405.[1] *See* 28 U.S.C. § 1914(a).  The action may proceed despite a failure to pay the entire fee at the time of filing only if the court grants the plaintiff leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007).

The process for applying for IFP status is different for prisoners and non-prisoners.  Ordinarily, a non-prisoner plaintiff is permitted to file a civil action in federal court without prepayment of fees or security if he alleges in an affidavit that he is unable to pay such fees or give security therefor.  *See* 28 U.S.C. § 1915(a)(1).  But if the plaintiff is a prisoner who alleges that he is unable to pay the full filing fee at the time of filing, he is required to pay the full amount of the filing fee even if he is granted IFP status.  *See* 28 U.S.C. § 1915(b)(1).  This is done by way of an "installment plan," whereby the court will assess an initial payment, *see id.*, and the prisoner will be required thereafter to make "monthly payments of 20 percent of the preceding month's income credited to the prisoner's account."  *See* 28 U.S.C. § 1915(b)(2).

The Court notes that the Ninth Circuit has not provided guidance on whether a litigant who was in custody at the time the action was initiated, but subsequently released, is obligated to pay the filing fee in full, in installments, or may proceed IFP after their release pursuant to 28 U.S.C. § 1915(a)(1).  However, other circuit courts have concluded that if a prisoner is released from custody while his action is pending, he will not be required to pay the full filing fee if IFP status is granted under the general IFP provisions.  *See, e.g.*, *DeBlasio v. Gilmore*, 315 F.3d 396, 399 (4th Cir. 2003) (finding statutory

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023).

language, legislative intent, and policy reasons dictate that prisoner granted IFP status when he filed action would not be liable for full amount of filing fee upon release but must be allowed to apply to proceed under general IFP provisions of § 1915(a)(1)); *McGore v. Wrigglesworth*, 114 F.3d 601, 613 (6th Cir. 1997) (same), *overruled on other grounds*, *Jones v. Bock*, 549 U.S. 199, 203 (2007) and *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013)); *McGann v. Comm'r, Soc. Sec. Admin.*, 96 F.3d 28, 30 (2d Cir. 1996) ("A released prisoner may litigate without further prepayment of fees upon satisfying the poverty affidavit requirement applicable to all non-prisoners."); *see also Hodges v. Meletis*, 109 F.4th 252, 258 (4th Cir. 2024) ("[T]he court should allow a released prisoner to apply to proceed under the general IFP provision rather than the prisoner IFP provision." (cleaned up)).  And this procedure has also been applied in district courts in this Circuit.  *See e.g. Kellogg v. California*, No. 10-cv-05802-SBA-PR, 2011 WL 768691, at *5 (N.D. Cal. Feb. 28, 2011) ("[I]f a prisoner who seeks leave to proceed IFP is released from prison while his action is pending, he will not be required to pay the full filing fee if IFP status is granted."); *Adler v. Gonzalez*, No. 1:11-cv-1915-LJO-MJS, 2015 WL 4041772, at *2 (E.D. Cal. July 1, 2015) ("[A] released prisoner is not a prisoner, so assuming he remains indigent, his obligation to pre-pay should cease as well[.]"), *report and recommendation adopted*, No. 1:11-cv-1915-LJO-MJS, 2015 WL 4668668 (E.D. Cal. Aug. 6, 2015).

Here, because Glenn is no longer in custody, and thus no longer a "prisoner" pursuant to 28 U.S.C. § 1915(h), in order for the Court to assess whether he is entitled to proceed IFP he must apply to do so under the general provisions of 28 U.S.C. § 1915(a)(1). The Court will not rely upon the IFP application filed by Glenn while he was in custody to make the IFP determination in this action.  *See Paredes v. City of Novato Police Dep't*, No. 07-cv-04452-SBA (PR), 2009 WL 585876, at *1 (N.D. Cal. Mar. 5, 2009) (declining to rely upon Plaintiff's prisoner IFP application, filed while he was incarcerated, to make an IFP determination after Plaintiff was released).  Therefore, the Court **DENIES** Glenn's IFP motion, **DISMISSES** the action without prejudice, and **DIRECTS** Glenn to either pay the full $405 filing fee or file a new, non-prisoner IFP application.  If the Court grants him

leave to proceed IFP pursuant to 28 U.S.C. § 1915(a)(1), it will proceed to screen the complaint under § 1915(e)(2).  If the Court determines Glenn is not entitled to IFP status, he will be required to pay the full $405 filing fee, or the action will be dismissed.

**II.     CONCLUSION AND ORDER**

For the above reasons, the Court:

1.     **DENIES** Plaintiff's Motion to Proceed IFP [Doc. No. 2] as moot.

2.     **DISMISSES** the civil action without prejudice for failure to prepay the filing fees required by 28 U.S.C. § 1914(a).

3.     **GRANTS** Plaintiff forty-five (45) days leave in which to re-open his case be either: (a) pre-paying the full $ 405 civil filing fees required by 28 U.S.C. § 1914(a) in one lump sum; or (b) filing an application to proceed IFP that includes the affidavit documenting his post-release income, assets and expenses.

4.     **DIRECTS** the Clerk of Court to provide Plaintiff with a blank AO 239 (Rev. 01/15) Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form).

If Plaintiff fails to comply with this Order by either paying the full $405 civil filing fee in one lump sum or by submitting a complete AO 239 IFP application within 45 days, this civil action will remain dismissed without prejudice based on his failure to comply with 28 U.S.C. § 1914(a) and without any further Order of the Court.

It is **SO ORDERED**.

Dated:  February 10, 2026

Hon. Cathy Ann Bencivengo
United States District Judge

4